# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

**ORDER**

This Document Relates To:
Case Nos.:   16-cv-4360 (*Spaich, et al. v. 3M Co., et al.*)
16-cv-4381 (*Manzanares v. 3M Co., et al.*)
16-cv-1986 (*Harkleroad v. 3M Co., et al.*)
16-cv-2936 (*Bryson v. 3M Co., et al.*)

---

On July 6, 2017, Defendant 3M Company filed a Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [15-md-2666 Dkt. No. 590], seeking dismissal of six cases for failure to comply with the Court's September 27, 2016 Pretrial Order No. 14 regarding the service of Plaintiff Fact Sheets ("PFSs") [15-md-2666 Dkt. No. 117].  On July 11, 2017, Defendants filed a letter advising that they were withdrawing the motion as to Case No. 16-cv-4381, *Manzanares v. 3M Co., et al.*  In addition, plaintiffs in two of the cases (*Hurst, et al. v. 3M Co., et al.*, No. 16-cv-2083, and *Kaelin v. 3M Co., et al.*, No. 16-cv-3058) listed in the motion have filed stipulations of dismissal with prejudice. Thus, the Court must decide the motion to dismiss as to three cases.  Defendants have documented their multiple provisions of notice to these plaintiffs of the deficiencies pursuant to Pretrial Order No. 14.

Plaintiff fact sheets are typical in MDLs and are helpful in streamlining discovery. *See, e.g.*, *Manuel for Complex Litig., Fourth*, § 22.83 (2004) (referring to these "standard, agreed-on forms").  But they are only helpful to the extent that all parties follow the set

procedures.  It is important and fair to enforce the agreed-on, bright-line procedures of Pretrial Order No. 14.

Plaintiff Randall Spaich (16-cv-4360) does not oppose the motion.  Instead, his counsel filed a response detailing numerous unsuccessful attempts to enlist the client's cooperation in advancing his case.  *See* 15-md-2666, Dkt. No. 614.  Spaich filed his complaint on December 27, 2016, and had 90 days to serve a completed PFS, but has failed to do so, despite notice of his deficiency.  The Court will grant the motion as to Spaich for failure to comply with Pretrial Order No. 14 and to prosecute his case.

Counsel for Plaintiff David Harkleroad, Individually and on Behalf of the Estate of Sandra K. Harkleroad (16-cv-1986), submitted a response to Defendants' motion. Defendants move to dismiss because although Harkleroad served a PFS, he failed to complete numerous questions that were identified as "core" in Pretrial Order No. 14, including failing to answer any questions in Section IV (general medical information), V (insurance and other claim information), VI (current claim information), VII (economic damages), VIII (persons with knowledge), or XI (loss of consortium plaintiffs).  Counsel represents that David Harkleroad, who brought the claim on behalf of his deceased wife Sandra Harkleroad, has now also passed away, and that counsel has been unable to obtain any information about any surviving members of Sandra Harkleroad's family.  15-md-2666, Dkt. No. 616 ¶¶ 2, 7-8 (July 13, 2017).  Plaintiff's counsel requests that the Court stay the case "and that any potential heir or interested party of Mrs. Sandra Harkleroad with standing be given a reasonable amount of time to contact counsel to provide the necessary information to submit a Plaintiff Fact Sheet and continue the case."  *Id.* at 3.

2

Federal Rule of Civil Procedure 25 provides that if a party dies and the claim is not extinguished, the decedent's successor or representative may file a motion for substitution within 90 days after service of a statement noting the death. If no such motion is made within 90 days, "the action by or against the decedent must be dismissed." Therefore, the Court declines to dismiss as to Plaintiff Harkleroad until 90 days have passed from the date of counsel's service of the response noting David Harkleroad's death. Any person making such a Rule 25 motion must simultaneously serve a verified PFS that has no core deficiencies as defined in Pretrial Order No. 14 ¶ 4. The Court will deny the motion without prejudice as to Harkleroad.

As for Plaintiff Jerry Bryson (16-cv-2936), Defendants argue that Bryson's PFS had core deficiencies including failure to verify his responses as required by Pretrial Order No. 14 ¶ 3. Bryson did not oppose Defendants' motion to dismiss. The Court accordingly grants the motion for failure to comply with the Court's order and to prosecute his case.

Therefore, based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendant 3M Company's Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 590] is GRANTED IN PART and DENIED IN PART as stated below.

2. The following cases are DISMISSED WITH PREJUDICE: Nos. 16-cv-4360 (*Spaich, et al. v. 3M Co., et al.*) and 16-cv-2936 (*Bryson v. 3M Co., et al.*).

3. The Motion is DENIED WITHOUT PREJUDICE as to No. 16-cv-1986 (*Harkleroad v. 3M Co., et al.*), consistent with the above opinion.

4.  The Motion is DENIED AS MOOT as to No. 16-cv-4381 (*Manzanares v. 3M Co., et al.*).

Dated: July 24, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge